# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS ENFIELD,

    Petitioner,                           Civil No. 04-CV-73082-DT
                                                 HONORABLE JOHN CORBETT O'MEARA
v.                                      UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER GRANTING MOTION TO LIFT THE STAY OF PROCEEDINGS, AMENDING THE CAPTION, GRANTING THE MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS, ORDERING THAT THE AMENDED PETITION BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS IN THIS CASE

    Thomas Enfield, ("Petitioner"), presently confined at the Michigan Reformatory in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his convictions for one count of first-degree felony murder, M.C.L.A. 750.316; and one count of larceny from a person, M.C.L.A. 750.357. On March 16, 2005, this Court entered an opinion and order granting petitioner's motion to hold his habeas petition in abeyance to permit petitioner to return to the state courts to exhaust additional claims that he had failed to raise in the state courts prior to filing his habeas petition. The Court also administratively closed the case.

    Petitioner has now filed a motion to lift the order holding the habeas corpus petition in abeyance. Petitioner has also filed an amended petition for writ of habeas

1

corpus and a memorandum of law in support of the amended petition for writ of habeas corpus, which this Court construes as a motion to amend the habeas petition.

For the reasons stated below, the motion to lift the stay of proceedings is **GRANTED**. The Court orders the Clerk of the Court to reactive this case to the Court's active docket. The Court will also amend the caption to reflect the name of petitioner's current warden, Carmen Palmer. The Court will also **GRANT** the motion to amend the habeas petition. The Court will further order that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and the memorandum of law in support of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court will further order the respondent to file a supplemental answer to the amended petition and any Rule 5 materials which have not already been provided to this Court within **one hundred and eighty (180)** days of the Court's order.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Pillette v. Berghuis,* 630 F. Supp. 2d 791, 795 (E.D. Mich. 2009); *Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because petitioner is now alleging that his claims have been exhausted with the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reopened.

The Court will also order that the caption in this case be amended to reflect that the

proper respondent in this case is now Carmen Palmer, the warden of the Michigan Reformatory in Ionia, Michigan, where petitioner is currently incarcerated. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

The Court will also grant petitioner's motion to amend his habeas petition. The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999); *citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998).

The Court will permit petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994). Additionally, because petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343 (E.D. Va. 1999).

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition, the memorandum of law in support of the amended petition for writ of habeas corpus, and a copy of this Order on Respondent and on the Attorney

General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order the respondent to file a supplemental answer to the amended habeas petition within one hundred and eighty days of the Court's order.[1] This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide this Court at the time that it files its supplemental answer any Rule 5 materials which have already not been provided to the Court. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

---

[1] Respondent previously filed a response to Petitioner's original habeas petition on February 24, 2005 and is therefore required to respond only to any issues raised by petitioner in his amended habeas petition which have not already been raised by petitioner in his original habeas petition.

Finally, the Court will give petitioner forty five days from the receipt of the respondent's answer to file a reply brief to the respondent's answer, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## **ORDER**

Based on the foregoing, the motion to lift the stay of proceedings is **GRANTED.** The Court orders the Clerk of the Court to reopen the habeas petition to the Court's active docket**.**

IT IS FURTHER ORDERED that the caption of the case be amended to reflect that Carmen Palmer is the proper respondent in this case.

IT IS FURTHER ORDERED That the motion to amend the petition for writ of habeas corpus is **GRANTED.**

IT IS FURTHER ORDERED That the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus, the memorandum of law in support of the petition for writ of habeas corpus [Both in Dkt. # 43] and a copy of this Order on respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file a supplemental answer and any additional Rule 5 materials which have not previously been provided to this Court within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty five days** from the date that he receives the supplemental answer to file a reply brief.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: February 10, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 10, 2010, using the ECF system and/or ordinary mail.

                                      s/William Barkholz
                                      Case Manager