UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS ENFIELD,

    Petitioner,                              Civil No. 04-CV-73082-DT
                                           HONORABLE JOHN CORBETT O'MEARA
v.                                          UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL**

On March 16, 2012, this Court denied petitioner's habeas application that had been brought pursuant to 28 U.S.C. § 2254 and also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Enfield v. Palmer,* No. 2012 WL 899350 (E.D. Mich. March 16, 2012). On May 29, 2012, signed and dated a notice of appeal, which was filed with this Court on May 31, 2012. [1] On May 29, 2012, petitioner signed and dated a motion for delay in filing the notice of appeal in this case, which was also received by this Court on May 31, 2012. [2] In this motion, petitioner asks for an extension of time to file his notice of appeal. For the reasons that follow, the motion for

---

[1] Under the "prison mailbox rule," petitioner's notice of appeal was filed on May 29, 2012, the date that it was signed and dated by petitioner. *Houston v. Lack,* 487 U.S. 266, 270-71 (1988).

[2] Under the "prison mailbox rule", this Court is willing to consider petitioner's motion to have been filed with this Court on May 29, 2012, the date that it was signed and dated. *See U.S. ex rel. Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

an extension of time to file an appeal is DENIED.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because more than thirty days have elapsed from when this Court denied petitioner's habeas application, the Sixth Circuit would not have appellate jurisdiction in this matter, unless petitioner was granted an extension of time.

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on March 16, 2012. Petitioner had until April 16, 2012 to file a notice of appeal. Petitioner therefore had until May 16, 2012 to file for an extension of time to file an appeal pursuant to Rule 4(a) (5). Because petitioner's motion for an extension of time to file an appeal was filed on May 29, 2012, which was more than 30 days after the expiration of the appeal, petitioner is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *See Beard v. Carrollton R.R.,* 893 F. 2d 117, 120 (6th Cir. 1989); *See also Hayes v. Allstate Ins. Co., Inc.,* 2 Fed. Appx. 470, 472 (6th Cir. 2001). Moreover, because petitioner's motion for an extension of time to file

an appeal was not filed within 30 days, as required by 4(a)(5), this Court lacks the authority to consider petitioner's allegations of excusable neglect or good cause. *See Pryor v. Marshall,* 711 F. 2d 63, 64-65 (6th Cir. 1983).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005).

Petitioner is not entitled to invoke the provisions of 4(a)(6) to reopen the time for filing an appeal, because he does not allege that he did not receive notice of this Court's order denying habeas relief. *See Moss v. Secretary for Dept. of Corrections*, 177 Fed. Appx. 911, 913 (11th Cir. 2006).

Accordingly, it is **ORDERED** that petitioner's motion for an extension of time to file an appeal [Dkt. # 56] is **DENIED**.

s/John Corbett O'Meara<br>
United States District Judge

Date:  June 25, 2012

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 25, 2012, using the ECF system and/or ordinary mail.

s/William Barkholz<br>
Case Manager